# United States District Court
## Middle District Of Florida
### Fort Myers Division

**BANK OF AMERICA, N.A.,**

        **Plaintiff,**

**v.**                                      **Case No:  2:12-cv-691-Ftm-99DNF**

**CHARLES B. CRAWFORD, BRIAN P.
OTOOLE and MARCIA L. HOBE,**

        **Defendants.**

_____

## Order

    This cause comes before the Court on a motion to dismiss (Doc. 12) filed by Defendants Charles B. Crawford ("Crawford"), Brian O'Toole ("O'Toole"), and Marcia L. Hobe ("Hobe"), and a response (Doc. 17) filed by Plaintiff Bank of America, N.A., ("BOA").

## I.    Background

    All three Defendants were employed by BOA's Global Wealth and Management division, "U.S. Trust," until October 26, 2012 when they voluntarily resigned. As a condition of their employment, or continued employment, each Defendant signed various confidentiality and non-solicitation agreements applicable for a specified period following the severance of their employment. According to the Complaint, immediately after resigning from BOA, Defendants began working for Trevett Capital Partners/Busey Bank where they solicited business from their former clients at BOA in violation of their non-solicitation and confidentiality agreements. BOA filed the instant suit on December 27, 2012 asserting three counts, breach of contract against Crawford and O'Toole (Count I); breach of contract against all Defendants (Count II); and breach of fiduciary duty against all Defendants (Count III). Defendants now move to dismiss each count.

## II.    Standard

In ruling on a motion to dismiss, the Court must view the complaint in the light most favorable to the Plaintiff, *see, e.g.*, *Jackson v. Okaloosa County, Fla.*, 21 F.3d 1531, 1534 (11th Cir. 1994), and must limit its consideration to the pleadings and any exhibits attached thereto. Fed. R. Civ. P. 10(c); *see also GSW, Inc. v. Long County, Ga.*, 999 F.2d 1508, 1510 (11th Cir. 1993).  The Court will liberally construe the complaint's allegations in the Plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411,421 (1969).  However, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003).

In reviewing a complaint on a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "courts must be mindful that the Federal Rules require only that the complaint contain 'a short and plain statement of the claim showing that the pleader is entitled to relief.' " *U.S. v. Baxter Intern., Inc.*, 345 F.3d 866, 880 (11th Cir. 2003) (citing Fed. R. Civ. P. 8(a)). This is a liberal pleading requirement, one that does not require a plaintiff to plead with particularity every element of a cause of action. *Roe v. Aware Woman Ctr.for Choice, Inc.*, 253 F.3d 678, 683 (11th Cir. 2001).  However, a plaintiff's obligation to provide the grounds for his or her entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 554-555 (2007).  The complaint's factual allegations "must be enough to raise a right to relief above the speculative level," *Id.* at 555, and cross "the line from conceivable to plausible." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1950-1951 (2009).

### III.    Analysis

There are four different agreements at issue in Counts I and II: (1) the Applicant Acknowledgement Form ("AAF"); (2) the Wealth & Investment Management Confidentiality Agreement ("WIMCA"); (3) the BOA Code of Ethics ("COE"); and (4) the Notice and Non-Solicitation Restrictions ("NNSR")—hereinafter, collectively, the "Agreements." Count I is based on Crawford and O'Toole's alleged breach of the AAF and WIMCA, while Count II is based on the alleged breach of the COE and NNSR by all three Defendants. Both Counts must be dismissed, according to Defendants, because none of the Agreements constitute enforceable contracts. Many of these arguments overlap and will be addressed together where appropriate.

To state a claim for breach of contract under Florida law, a plaintiff must allege: "(1) the existence of a contract; (2) a material breach of that contract; and (3) damages resulting from the breach." *Vega v. T-Mobile USA, Inc.,* 564 F.3d 1256, 1272 (11th Cir. 2009). To prove the existence of a contract, a plaintiff must plead: (1) offer; (2) acceptance; (3) consideration; and (4) sufficient specification of the essential terms. *Id.* (citing *St. Joe Corp. v. McIver,* 875 So. 2d 375, 381 (Fla. 2004); *see also W.R. Townsend Contracting, Inc. v. Jensen Civil Constr., Inc.,* 728 So. 2d 297, 302 (Fla. 1st DCA 1999).

#### Consideration

Lack of consideration is an affirmative defense, not a basis for dismissal under Rule 12(b)(6). *See Ton-Will Enterprises, Inc. v. T & J Losurdo, Inc.*, 440 So. 2d 621, 622 (Fla. 2d DCA 1983); *Wagner v. Bonucelli*, 239 So. 2d 619, 620 (Fla. 4th DCA 1970). Combined with the attached Agreements, the Complaint sufficiently alleges consideration. The Motion will also be denied to the extent Defendants argue that BOA did not sufficiently plead consideration. *Cf.* 11 Fla. Jur.  2d Contracts § 74 ("consideration for a contract need not be recited or expressed in

writing, because, if not expressed, consideration may be implied by or inferred from the terms and obvious import of the contract or proved by parol evidence." (citing *Schmitt v. Bethea*, 78 Fla. 304, 82 So. 817 (1919); *Herrin v. Abbe*, 55 Fla. 769, 46 So. 183 (1908)); *Cintas Corp. No.2 v. Schwalier,* 901 So. 2d 307, 309 (Fla. 3d DCA 2005) ("a promise, no matter how slight, qualifies as consideration if the promisor agrees to do something that he or she is not already obligated to do."); *Wright & Seaton, Inc. v. Prescott,* 420 So. 2d 623, 628 (Fla. 4th DCA 1982) ("[W]here employment was a continuing contract terminable at the will of either employer or employee, the Florida Courts have held continued employment constitutes adequate consideration to support a contract.").

**The WIMCA**

While the other Agreements are governed by Florida law, the WIMCA contains a choice of law clause which states, "[i]n the event of any dispute regarding this Confidentiality Agreement, it will be interpreted and enforced to the extent permitted by law under the laws of the State of North Carolina." (Doc. 1-4 at 4). Generally, courts will give effect to the parties' designation when construing the instrument. *Green Leaf Nursery v. E.U. DuPont De Nemours and Co.*, 341 F.3d 1292 1300 (11th Cir. 2003). The parties agree that North Carolina law differs in a significant respect because it requires additional compensation to render the WIMCA enforceable against Crawford who signed it subsequent to the commencement of his employment. *See Greene Co. v. Kelley*, 134 S.E. 2d 166, 167 (N.C. 1964). Regardless, BOA has alleged that the WIMCA is a valid contract that explicitly states "[i]n consideration of my employment with the company, and in consideration of the rights and benefits afforded to me in connection therewith, *including but not limited to* my compensation . . ." (Doc. 1-4) (emphasis added). This is sufficient to state a claim under Rule 8.

**The COE**

Defendants argue that the COE is not a binding contract, but an unenforceable policy statement. "It is well established Florida law that policy statements contained in employment manuals do not give rise to enforceable contract rights in Florida unless they contain specific language which expresses the parties' explicit mutual agreement that the manual constitutes a separate employment contract." *Vega*, 564 F.3d at 1273 (quoting *Quaker Oats Co. v. Jewell,* 818 So. 2d 574, 576-77 (Fla. 5th DCA 2002) (finding policy statements in employment manual relating to overtime pay did not constitute the terms of a contract of employment).

The COE does appear to contain policy statements which would not give rise to enforceable contract rights, but the language with respect to non-solicitation, however, is sufficiently definite to constitute a binding contract. The COE contains a subsection entitled "Employee Non-Solicitation Agreement" which says, in pertinent part, ". . . the employee agrees that he or she will not directly or indirectly . . . solicit or recruit any person employed by [BOA] to leave the employ of [BOA] . . . . The employee similarly agrees that [during his/her employment and for twelve months after] he or she will not directly or indirectly solicit, invite, encourage or request any client or customer of [BOA] . . ." (Doc. 1-6 at 17).[1] Since BOA seeks to enforce only this portion of the COE, other vague policy statements contained therein are irrelevant and do not render the entire COE unenforceable as a matter of law.[2]

**Breach of Fiduciary Duty**

To state a claim for breach of fiduciary duty under Florida law, BOA must allege (1) the existence of a fiduciary duty; (2) a breach of that duty; and (3) damages proximately caused by the

---

[1] Each Defendant signed an acknowledgement form in which they agreed to comply with the COE. (Doc. 1-6 at 19-21).

[2] Defendants' argument that the COE is barred by the statue of frauds is also without merit.

breach. *Minotty v. Baudo*, 42 So. 3d 824, 835-36 (Fla. 4th DCA 2010). "It is well-established under Florida law that an employee owes a fiduciary duty and a duty of loyalty to his or her employer." *Charles Schwab & Co., Inc. v. McMurry*, 208-CV-534-FTM-29SPC, 2008 WL 5381922 (M.D. Fla. Dec. 23, 2008) (citing *Life Marketing of Florida, Inc. v. A.I.G. Life Ins. Co.,* 588 So. 2d 663, 665 (Fla. 5th DCA 1991) and *Connelly v. Special Road & Bridge Dist.,* 126 So. 794 (Fla. 1930)); *see also* 2A Fla. Jur 2d Agency and Employment § 199. Absent agreement to the contrary, there is nothing to preclude an agent from competing with his principal after the termination of their relationship, but he "may not engage in disloyal acts in anticipation of his future competition." *Fish v. Adams*, 401 So. 2d 843, 845 (Fla. Dist. Ct. App. 1981); *see also New World Fashions, Inc. v. Lieberman*, 429 So. 2d 1276, 1277 (Fla. Dist. Ct. App. 1983); *Connelly v. Special Road & Bridge Dist.,* 126 So. 794 (1930). Even after the employment relationship is over, an agent "is precluded from using for his own advantage information or material acquired by him in the course of his employment." *Connelly*, 126 So. 794.

In Count III BOA alleges, *inter alia*, that Defendants were BOA employees who breached their duty by using "confidential and proprietary client and business information and trade secrets . . ." (Doc. 1, ¶ 50). This is sufficient to state a claim for breach of fiduciary duty.[3]

It is therefore,

**ORDERED** that Defendants' Motion to dismiss (Doc. 12) is **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida on February 15, 2013.

_____
**GREGORY A. PRESNELL**
**UNITED STATES DISTRICT JUDGE**

---

[3] Other than stating "the issue is now moot," Defendants present no compelling reason to dismiss the claim for injunctive relief at this time.

Copies furnished to:

Counsel of Record
Unrepresented Parties