UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

BANK OF AMERICA, N.A., a Delaware corporation

    Plaintiff,

v.                                                      Case No:  2:12-cv-691-FtM-38DNF

CHARLES B. CRAWFORD, BRIAN P. OTOOLE and MARCIA L. HOBE,

    Defendants.
_____/

## ORDER[1]

This matter comes before the Court on review of the docket.[2] Federal courts have limited subject matter jurisdiction. A district court is permitted to hear only cases for which there has been a congressional grant of jurisdiction. Morrison v. Allstate Indem. Co., 228 F.3d 1255, 1261 (11th Cir. 2000). Under 28 U.S.C. § 1332, a district court has jurisdiction over any civil case where the parties are citizens of different States and the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs. Morrison, 228 F.3d at 1261 (citing 28 U.S.C. § 1332). In an action filed directly in federal court, plaintiff bears the burden of adequately pleading, and ultimately proving, jurisdiction. King v. Cessna Aircraft Co., 505 F.3d 1160, 1171 (11th

---

[1] Disclaimer:  Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites. These hyperlinks are provided only for users' convenience.  Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees.  By allowing hyperlinks to other Web sites, this court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites.  Likewise, the court has no agreements with any of these third parties or their Web sites.  The court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

[2] "A federal court not only has the power but also the obligation at any time to inquire into jurisdiction whenever the possibility that jurisdiction does not exist arises." Fitzgerald v. Seaboard Sys. R.R., Inc., 760 F.2d 1249, 1251 (11th Cir. 1985).

Cir. 2007). In such cases, a plaintiff's burden is present even in the absence of opposition by a defendant. Morrison, 228 F.3d at 1261.

Plaintiff initiated this action on December 27, 2012, pursuant to 28 U.S.C. § 1332. (Doc. #1). Thereafter, this case was reassigned to the undersigned on May 30, 2013. The Complaint states jurisdiction is proper because the amount in controversy exceeds $75,000, exclusive of interest and costs, and the matter is between citizens of different states. (Doc. #1, ¶5). However, the Complaint insufficiently supports subject matter jurisdiction. (See Doc. #1).

With regard to citizenship, Plaintiff insufficiently pleads the citizenship of the Parties. Plaintiff contends it is a Delaware corporation with its principal place of business being in Charlotte, North Carolina. "All national banking associations shall, for the purposes of all other actions by or against them, be deemed citizens of the States in which they are respectively located." 28 U.S.C. § 1348. Moreover, for the purposes of diversity jurisdiction, a national bank is a citizen of the State designated in its articles of association as its main office. Wachovia Bank, N.A. v. Schmidt, 546 U.S. 303, 318 (2006); PNC Bank Nat. Ass'n v. Schwiekhardt, No. 2:13-cv-282-FtM-29UAM, 2013 WL 4747052 (M.D. Fla. Sept. 4, 2013). Plaintiff does not allege the location of its main office as indicated in its articles of association. Therefore, Plaintiff's citizenship is insufficiently pled.

Also, the Complaint only mentions the residences rather than the domiciles of the individuals, Defendants, involved in this matter. See Newman-Green, Inc. v. Alfonzo-Larrain, 490 U.S. 826, 828 (1989) ("In order to be a citizen of a State within the meaning of the diversity statute, a natural person must both be a citizen of the United States *and*

be domiciled within the State."). Residency alone does not equal citizenship. Further, pleading residency is not the equivalent of pleading domicile. Molinos Valle Del Cibao, C. por A. v. Lama, 633 F.3d 1330, 1341 (11th Cir. 2011); Corporate Mgmt. Advisors, Inc. v. Artjen Complexus, Inc., 561 F.3d 1294, 1297 (11th Cir. 2009); Taylor v. Appleton, 30 F.3d 1365, 1367 (11th Cir. 1994). To the contrary, domicile is the equivalent citizenship. McCormick v. Aderholt, 293 F.3d 1254, 1257 (11th Cir. 2002) (citation omitted). "A person's domicile is the place of his true, fixed, and permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom." Id. at 1257-58 (internal quotation marks and citations omitted).

With regard to the amount in controversy, it is not facially apparent from the Complaint that the damages in this matter are likely to exceed $75,000. Instead Plaintiff has only generically alleged the amount in controversy. See Catalano v. Cohen & Grisby, P.C., No. 2:08-cv-667-FtM-29SPC, 2009 WL 3157645, at *4 (M.D. Fla. Sept. 28, 2009). The Complaint offers no indication of any quantifiable damage. (Doc. #1). Accordingly, it is unclear whether the sum claimed has been made in good faith.

The Court finds it lacks diversity jurisdiction over this case and the Complaint will be dismissed, with leave for Plaintiff to cure by filing an amended complaint.

Accordingly, it is now

**ORDERED:**

(1) Plaintiff's Complaint (Doc. #1) is **DISMISSED without prejudice**.

(2) Plaintiff may file an amended complaint no later than **December 2, 2013**, in accordance with the above. Failure to comply with the above will result in the

case being dismissed without further notice for failure to allege the Court's subject matter jurisdiction.

(3) Any and all pending motions are terminated in accordance with the above.

(4) The Clerk is directed to remove exhibits attached to the Complaint that contain personal identifiers. (Doc. #1-2, Doc. #1-3). The Parties are directed to redact documents in compliance with Middle District of Florida Public Notice regarding Policy on Sensitive Information in Case Files Accessible through PACER going forward.

**DONE** and **ORDERED** in Fort Myers, Florida this 18th day of November, 2013.

*[Signature]*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record