UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

BANK OF AMERICA, N.A., a North
Carolina corporation

      Plaintiff,

v.                                       Case No:   2:12-cv-691-FtM-38UAM

CHARLES B. CRAWFORD, BRIAN
P. OTOOLE, MARCIA L. HOBE and
BUSEY BANK,

      Defendants.
_____/

## ORDER[1]

This matter comes before the Court on Defendant Busey Bank's Motion to Dismiss (Doc. #48) and Defendants Crawford, O'Toole, and Hobe's Motion to Dismiss (Doc. #50) filed on December 23, 2013. Plaintiff Bank of America, N.A. filed its Response in Opposition on January 3, 2014. (Doc. #51). The motions are now ripe for review.

## PROCEDURAL BACKGROUND

Plaintiff initiated this action by filing a three-count Complaint against Defendants Charles B. Crawford, Brian P. O'Toole, and Marcia L. Hobe (Doc. #1) on December 27, 2012. On January 10, 2013, Defendants filed a Motion to Dismiss Plaintiff's Complaint (Doc. #12), which the Court denied on February 15, 2013. (Doc. #18). On May 30, 2013, this case was reassigned to the undersigned. (Doc. #32). Thereafter, on November 18,

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other Web sites, this court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

2013, the Court entered a *sua sponte* Order dismissing without prejudice the Complaint for failure to properly allege the Court's subject matter jurisdiction. (Doc. #41, "November 18 Order"). The November 18 Order allowed Plaintiff to file an amended complaint no later than December 2, 2013. (Doc. #41). Plaintiff filed a 12 count Amended Complaint against Defendants Crawford, O'Toole, and Hobe (Doc. #42) on December 2, 2013. Plaintiff then filed a 15 count Second Amended Complaint against Defendants Crawford, O'Toole, Hobe, and Busey Bank d/b/a Trevett Capital Partners (Doc. #43) on December 6, 2013.

## FACTUAL BACKGROUND

Plaintiff Bank of America, N.A. acquired the stock of U.S. Trust, N.A. on July 1, 2007 and then merged U.S. Trust into the Global Wealth and Management division of Bank of America. Defendants Charles B. Crawford, Brian P. O'Toole, and Marcia L. Hobe (collectively "the Individual Defendants") were employed by Bank of America's U.S. Trust line of business until October 26, 2012. Crawford served as Managing Director of U.S. Trust, O'Toole served as Senior Portfolio Manager, and Hobe served as a Trust Officer. Defendant Busey Bank is an Illinois corporation owning the fictitious name "Trevett Capital Partners." Busey Bank is a private wealth management company created to serve high net worth clientele in Southwest Florida. Defendants Crawford, O'Toole, and Hobe terminated their employment with U.S. Trust to become employed by Busey Bank.

Plaintiff alleges Defendants Crawford, O'Toole, and Hobe provided specialized services to high net worth individual clients and trusts at the U.S. Trust offices in Bonita Springs, Florida and Fort Myers, Florida. Plaintiff alleges the Individual Defendants were

responsible for providing these services based on the confidential business information and trade secrets provided by U.S. Trust clients.

As a condition of the Individual Defendants' employment with Bank of America, they agreed to comply with policies and restrictive covenants prohibiting them from disclosing U.S. Trust trade secrets. Defendants Crawford and O'Toole signed Applicant Acknowledgment Forms which stated: "I agree that during my employment with [Bank of America], and in performing my work, I must follow and obey the rules, procedures, guidelines and/or policies of the Bank and/or my department which are now in effect and/or which come into effect during the course of my employment." (Doc. #43, ¶24; Doc. #43-2, at 4; Doc. #43-3, at 4). These Applicant Acknowledgment Forms also contained agreements specifically restricting the use of confidential information belonging to Bank of America. Additionally, the Application Acknowledgement Forms included a non-solicitation provision. (Doc. #43, ¶23; Doc. #43-2, at 4).

Defendants Crawford and O'Toole also signed Wealth and Investment Management Confidentiality Agreements ("WIMCAs") expressly providing that client information is confidential and that employees have a duty to preserve the confidential nature of such information. The WIMCAs also provided for a period of 12 months after an employee's termination, the employee may not directly or indirectly solicit or recruit any person employed by Bank of America or any of Bank of America's clients or customers. (Doc. #43, ¶26; Doc. #43-4, at 3).

Furthermore, Defendants Crawford and Hobe executed periodic electronic acknowledgements affirming they read, understood, and agreed to comply with Bank of America's Corporation Code of Ethics ("Code of Ethics"). The Code of Ethics required

3

employees to protect confidential customer information, and to use such information only for legitimate business purposes, and not for personal gain or advantage. (Doc. #43, ¶27; Doc. #43-6, at 8-10). Additionally, the Code of Ethics stated employees must not deprive Bank of America of a corporate opportunity by competing with the corporation, using corporation property, information, or employment for personal gain, or taking for the employee's benefit an opportunity that belongs to the corporation or helping others to do so. (Doc. #43, ¶27; Doc. #43-6, at 8-10).

In February 2011, Plaintiff instituted a Notice and Non-Solicitation Restrictions Policy ("Garden Leave Policy"), requiring its employees to provide Plaintiff with advance written notice ("Notice Period") of voluntary termination of employment. The Garden Leave Policy expressly provides for 180 days following the expiration of the Notice Period, the employee may not solicit any client to modify its relationship with Bank of America. In compliance with Bank of America policy, Defendants O'Toole and Hobe electronically forwarded their acknowledgments of the Garden Leave Policy, but Crawford did not.

Plaintiff alleges its client list was a comprehensive collection of confidential information concerning all of its high net worth clients that would be impossible to duplicate without access to the list. The Individual Defendants were assigned to a significant number of those clients and therefore had access to all of the information in the list. In accordance with the above-listed policies, the Individual Defendants were entrusted with protecting that confidential information.

Nonetheless, Plaintiff alleges Defendants Busey Bank and Crawford worked together to solicit U.S. Trust employees to leave U.S. Trust to form an experienced team of advisors for a new Busey Bank branch office in Fort Myers, Florida. Crawford was

instrumental in coordinating numerous introductions and meetings between U.S. Trust employees and Busey Bank, including a trip to Busey Bank's corporate headquarters in Champaign, Illinois. Defendant O'Toole was such an essential part of this plan that if he did not become part of Busey Bank's team, none of the U.S. Trust employees would have been hired by Busey Bank. Another essential component of the plan was the compilation of a list of Plaintiff's confidential client information by the Individual Defendants.

As a result of this planning and negotiation, the Individual Defendants tendered their resignations from U.S. Trust on October 26, 2012, without any advance notice. They commenced employment at Busey Bank the following business day. Defendants immediately began compiling a list containing the identities, contact information, and account values of Plaintiff's high net worth clients and used the list to prepare and dispatch a mass mailing to Plaintiff's clients, specifically inviting them to do business with Busey Bank. In return for these actions, Busey Bank paid the individual Defendants $1.4 million in up-front bonuses, along with $850,000 in guaranteed combined annual salaries and $400,000 in guaranteed combined annual bonuses.

As a result, Plaintiff brought the instant action against Defendants.[2] Defendants Crawford, O'Toole, and Hobe now move to dismiss both Plaintiff's Amended Complaint

---

[2] The counts in the Second Amended Complaint are as follows: Counts I and II against Defendants Crawford and O'Toole, respectively, alleging breaches of the Applicant Acknowledgement Form Covenants; Counts III and IV are against Defendants Crawford and O'Toole, respectively, alleging breach of the WIMCA covenants; Counts V and VI against Defendants Crawford and Hobe, respectively, for breach of the Code of Ethics covenants; Counts VII, VIII, and IX against Defendants Crawford, O'Toole, and Hobe, respectively, for breach of the Garden Leave Policy; Count X against the Individual Defendants, alleging breach of fiduciary duty and duties of loyalty; Count XI against Defendant Busey Bank for aiding and abetting breaches of fiduciary duty and duties of loyalty; Count XII against all Defendants for tortious interference with advantageous business relationships and contracts; Count XIII against Defendant Busey Bank for violation of the Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. § 501.201 et seq. ("FDUTPA"); Count XIV against all Defendants for civil conspiracy; and Count XV against all Defendants for violation of Fla. Stat. § 688.01 et seq.

and Second Amended Complaint pursuant to Rule 41(b) or failure to comply with Rule 15, Rule 16, and Rule 21 of the Federal Rules of Civil Procedure; failure to comply with the November 18, 2013 Order; and failure to comply with the Court's Case Management and Scheduling Order. Defendant Busey Bank moves to dismiss Plaintiff's Second Amended Complaint pursuant to Rule 15 and Rule 16 for failure to request leave to file a Second Amended Complaint that added new claims and joined a new defendant.

## STANDARD

Rule 41(b) of the Federal Rules of Civil Procedure provides "[i]f the Plaintiff fails to . . . comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Such dismissal operates as an adjudication on the merits. See also Thompson v. RelationServe Media, Inc., 610 F.3d 628, 699 n.106 (11th Cir. 2010). "This sanction has been charily applied because the courts are vitally aware of the harshness of the remedy." Veazey v. Yount's Yacht Sale & Serv., Inc., 644 F.2d 475 (5th Cir. 1981); see also Cohen v. Carnival Cruise Lines, Inc., 782 F.2d 923, 924 (11th Cir. 1986); Gonzalez v. Firestone Tire & Rubber Co., 610 F.2d 241, 247 (5th Cir. 1980). As such, dismissal pursuant to Rule 41(b) is proper "*only* when '(1) a party engaged in a clear pattern of delay or willful contempt (contumacious conduct); and (2) the district court specifically finds that lesser sanctions would not suffice.'" Betty K. Agencies, Ltd. V. M/V MONADA, 432 F.3d 1333, 1337-38 (11th Cir. 2005) (quoting World Thrust Films, Inc. v. Int'l Family Entm't, Inc., 41 F.3d 1454, 1456 (11th Cir. 1995)).

## DISCUSSION

Here, the Individual Defendants first argue a dismissal pursuant to Rule 41(b) is proper because Plaintiff failed to comply with the November 18 Order. Defendants argue

6


the Court granted Plaintiff leave to file an amended complaint for the limited purpose of curing jurisdictional defects, but instead Plaintiff's Amended Complaint cured the defect and added nine additional counts. Furthermore, Plaintiff's Second Amended Complaint contains a total of 15 counts and an additional defendant. Defendants also argue the information supporting Plaintiff's Second Amended Complaint was available to Plaintiff well in advance of the deadline to amend pleadings and therefore Plaintiff could have amended the Complaint earlier. In support of their argument, Defendants rely on Bell v. Florida Highway Patrol, 476 F. App'x 856 (11th Cir. 2012), which upheld the dismissal of Bell's third amended complaint because it failed to comply with the district court's detailed instructions regarding how to plead claims and which claims to present.

In response, Plaintiff states it filed its Amended Complaint on December 2, 2013, in compliance with the November 18 Order. Plaintiff then filed its Second Amended Complaint without requesting leave on December 6, 2013. Plaintiff argues the November 18 Order granted Plaintiff leave to amend without restriction and therefore, the filing of the Amended Complaint was proper. Consequently, Plaintiff asserts it was permitted to file its Second Amended Complaint as a matter of course pursuant to Rule 15(a)(1)(A) of the Federal Rules of Civil Procedure.

The Court finds the Amended Complaint was properly and timely filed. The November 18 Order did not contain detailed restrictions regarding amendments to Plaintiff's Complaint. The November 18 Order stated Plaintiff failed to adequately plead subject matter jurisdiction in its original Complaint and therefore required Plaintiff to plead enough facts to show the Court properly had jurisdiction over the case. (Doc. #41). Although it would have been fully within the Court's discretion to restrict the amendments

to the Complaint; the November 18 Order contained no such words of limitation. See Garfield v. NDC Health Corp., 466 F.3d 1255, 1270-71 (11th Cir. 2006).

Furthermore, the additional counts in the Amended Complaint are primarily due to Plaintiff separating the previously broad counts to address individually each defendant, as requested in Defendants' first Motion to Dismiss. (See Doc. #12). Only two new counts were added to the Amended Complaint as a result of recently discovered facts, arising out of the same conduct, transactions, and occurrences set out in the original Complaint.

The Court now turns to the validity of the Second Amended Complaint. To determine whether such amendment was proper, the Court looks to Rules 15 and 16 of the Federal Rules of Civil Procedure. Pursuant to Rule 15(a):

> A party may amend its pleading once as a matter of course within 21 days after serving it. . . . In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Fed. R. Civ. P. 15(a). Thus, a party has a right to amend a complaint once as a matter of course, so long as a responsive pleading has not yet been filed. Toenniges v. Georgia Dept. of Corr., 502 F. App'x 888, 889 (11th Cir. 2012) (citing Coventry First, LLC v. McCarty, 605 F.3d 865, 869 (11th Cir. 2010)). Therefore, when an amendment adds a defendant to a pleading, the test is whether: (1) the amendment arose out of the same conduct, transaction, or occurrence set out or attempted to be set out in the original pleading; (2) the defendant was served within 120 days after the complaint was filed; and (3) the defendant will not be prejudiced and knew or should have known that the case would have been brought against it. Id.; Cliff, 363 F.3d at 1132.

Here, Plaintiff filed its original Complaint on December 27, 2012, but the Complaint was dismissed by the Court on November 18, 2013. Plaintiff filed the Amended Complaint

8

pursuant to the November 18 Order. Thus, the Amended Complaint superseded the original complaint as the operative pleading before the Court. See Fritz v. Standard Sec. Life Ins. Co. of New York, 676 F.2d 1356, 1358 (11th Cir. 1982) (citations omitted). The date of filing the Amended Complaint is treated as the beginning of the 21 day period during which Plaintiff could amend as a matter of course.  See Butler v. Broussard, No. CV-12-S-3601-NE, 2013 WL 2443847 at *1 (N.D. Ala. May 31, 2013); Fed. R. Civ. P. 15(a). Plaintiff filed its Second Amended Complaint within four days of filing the Amended Complaint. Further, Defendants had not filed Answers to the Amended Complaint prior to Plaintiff's filing of the Second Amended Complaint. Accordingly, Plaintiff was permitted to file the Second Amended Complaint as a matter of course on December 6, 2013.

Even if Plaintiff was not permitted to file its Second Amended Complaint as a matter of course, good cause exists to grant Plaintiff leave to file the Second Amended Complaint. Good cause is found despite the fact that some discovery may now need to be repeated. The deadlines in the case's Scheduling Order were already reset as a result of the November 18 Order and even before Busey Bank was added as a defendant. Adequate notice was given to Defendants when Busey Bank was added as a party. Further, Defendants will not be unduly burdened or unfairly prejudiced by the necessary modifications in the case's Scheduling Order.

The Individual Defendants next argue for dismissal because the joinder of Busey Bank as a party constitutes misjoinder. Rule 21 governs misjoinder of parties and states "the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party." Fed. R. Civ. P. 21. Misjoinder is not, however, a ground for dismissing an action; the remedy is severance of the misjoined party. Id. The Individual

Defendants argue under Rule 21 Plaintiff was required to make a motion to the Court for the joinder of Busey Bank but Plaintiff failed to do so.

Plaintiff responds that the joinder of Busey Bank is appropriate pursuant to Rule 15 and Rule 20(a)(2), which permits joinder of a defendant if:

(A) Any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
(B) Any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20. A transaction or occurrence "may comprehend a series of many occurrences, depending not so much upon the immediateness of their connection as upon their logical relationship." Moore v. New York Cotton Exchange, 270 U.S. 593, 610, 46 S. Ct. 367, 70 L. Ed. 750 (1926).

"[T]he central purpose of Rule 20 is to promote trial convenience and expedite the resolution of disputes, thereby eliminating unnecessary lawsuits." Alexander v. Fulton County, Ga., 207 F.3d 1303, 1323 (11th Cir. 2000) (overruled on other grounds). Additionally,

The Supreme Court has instructed the lower courts to employ a liberal approach to permissive joinder of claims *and* parties in the interest of judicial economy: "Under the Rules, the impulse is towards entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged."

Id. (quoting United Mine Workers v. Gibbs, 383 U.S. 715, 724, 86 S. Ct. 1130, 1137, 16 L. Ed. 2d 218 (1966)) (emphasis in original).

Here, the Second Amended Complaint alleges joint and several liability against Busey Bank and the Individual Defendants collectively in Counts XII, XIV, and XV. The claims against Busey Bank for aiding and abetting breach of duty (Count XI) and violation of FDUTPA (Count XIII), arise out of the same set of facts and occurrences as all of the

other claims in this action, and can even be said to derive from those claims. According to the Second Amended Complaint, Busey Bank's conduct would have been impossible without the assistance of the Individual Defendants and vice versa. Certainly there are factual additions in the Second Amended Complaint, however, the additions are intimately connected with the facts alleged in the Amended Complaint and serve only to complete the allegations already set forth in the Amended Complaint. The Second Amended Complaint contains the original allegations concerning Busey Bank and adds more detailed and newly discovered facts providing a sufficient basis to state a claim against Busey Bank as a Defendant. These facts are so intertwined with the claims against the Individual Defendants that joinder of Busey Bank is most appropriate. As an aside, the court finds expediency and judicial economy are best served in this case by allowing Plaintiff to bring all of its intertwined claims against Busey Bank and the Individual Defendants in the same suit.

In conclusion, the Court finds Plaintiff's filing of the Second Amended Complaint proper. The Second Amended Complaint superseded the Amended Complaint as the operative pleading before the Court. The Court finds no pattern of delay, no willful contempt, no prejudice to Defendants, or the like. The motions are due to be denied.

Accordingly, it is now

**ORDERED:**

(1) Defendant Busey Bank's Motion to Dismiss (Doc. #48) is **DENIED**.

(2) Defendants Crawford, O'Toole, and Hobe's Motion to Dismiss (Doc. #50) is **DENIED**.

(3) Defendants Crawford, O'Toole, and Hobe's Motion for Leave to File Reply (Doc. #54) is **DENIED as moot**.

(4) Defendants are **directed** to file an Answer to Plaintiff's Second Amended Complaint (Doc. #43) within twenty-one (21) days of the date of this Order.

**DONE** and **ORDERED** in Fort Myers, Florida this 10th day of February, 2014.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record